IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ETTA FANNING**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No.  5:18-cv-0803-XR |
| | § | |
| **CITY OF SHAVANO PARK, TEXAS**, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

### PLAINTIFF'S OPPOSED MOTION
### FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff ETTA FANNING hereby moves for leave to file her First Amended Complaint, as follows.

### Procedural Background

Plaintiff Etta Fanning filed this lawsuit on August 3, 2018.  Defendant City of Shavano Park was served with process on August 22, 2018, and filed a motion to dismiss under Rule 12(b)(6) [Doc. No. 7] on September 13, 2018.  Fanning timely responded to the motion to dismiss, and the City filed a reply.  The Court entered a scheduling order on October 16, 2018.  [Doc. No. 13.]  This motion for leave to amend the complaint is timely, as it is filed by December 17, 2018, the deadline set out in the Court's scheduling order.  *Id.*

### Argument

Aside from the opportunity to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *see also Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

The proposed amended complaint, a copy of which is attached hereto as **Exhibit A**, would add M.J. Smoot as a plaintiff, and adds additional legal theories challenging the City's sign code at issue in this matter. It does not add any additional defendants.

Counsel conferred today by email with counsel for Defendant City of Shavano Park, who responded that the City was opposed to the motion for leave. Counsel for the City did not provide a reason for opposition.

Fanning respectfully submits that the amendment should be allowed, particularly under the liberal standard of Rule 15(a)(2) for leave to amend a complaint. Fanning's motion is filed according to the deadline set out in the Court's scheduling order. While the amendment is still within the Court's discretion to allow, the fact that it is filed according to the deadline set out in the scheduling order suggests that the City cannot claim prejudice in the absence of some unusual circumstances. The fact that Plaintiff Fanning intends to add a co-Plaintiff, and additional legal theories challenging the city's sign code, does not amount to the type of prejudice that would support the City's opposition to amendment. The City has plenty of time under the discovery schedule to prepare and present its case. Allowing amendment would further the interest of judicial efficiency, and preserve the resources of both sides in this case, because it would be more efficient for the new Plaintiff, MJ Smoot, to be added to this case, and for the additional legal theories to be raised in this case, as opposed to in a separate lawsuit filed by Smoot alone (followed by a motion to consolidate the cases).

Fanning respectfully requests that the Court grant leave to file the attached First Amended Complaint.

Plfs' mtn for leave to amend

Respectfully submitted,

/s/ Jerad Najvar
Jerad Wayne Najvar
Texas Bar No. 24068079
NAJVAR LAW FIRM, PLLC
2180 North Loop West, Suite 255
Houston, TX 77018
281.404.4696 phone
281.582.4138 fax
jerad@najvarlaw.com
*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on December 17, 2018, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows:

Charles S. Frigerio
Law Offices of Charles S. Frigerio
111 Soledad Street, Suite 840
San Antonio, Texas 78205

/s/ Jerad Najvar
Jerad Najvar