IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ETTA FANNING**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 5:18-cv-0803-XR |
| | § | |
| **CITY OF SHAVANO PARK, TEXAS**, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

**DEFENDANT CITY OF SHAVANO PARK, TEXAS'
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE XAVIER RODRIGUEZ:

NOW COME **CITY OF SHAVANO PARK** Defendants in the above entitled and numbered cause, and pursuant to Rule 56, FEDERAL RULES OF CIVIL PROCEDURE, files this its Motion for Summary Judgment and in support thereof would respectfully show unto the Court the following:

**I.**

Defendants **CITY OF SHAVANO PARK** would show unto the Court that there is no genuine issue as to any material fact and that they are entitled to judgment, as a matter of law since its Ordinances in question do not violate the First Amendment to the United States Constitution.

**II.**

Defendant **CITY OF SHAVANO PARK** incorporates into their Motion for Summary Judgment for all purposes the following exhibits:

(1) Exhibit A - Deposition of Plaintiff Etta Fanning;
(2) Exhibit B - Deposition of City Manager Bill Hill;
(3) Exhibit C - City of Shavano Park Ordinance in question.

The above Exhibits A, B and C are hereby incorporated by reference for all purposes.

### III.

The case at bar concerns the rain check Fourth of July Party held at the Bentley Manor Subdivision in the City of Shavano Park in July of 2018. Plaintiff **ETTA FANNING** complains that banner signs that she placed on the Bentley Manor Homeowner's Association property were taken down by the City of Shavano Park, due to the fact that said banners were in violation of the City of Shavano Park Ordinance, Sec. 24-7. Plaintiff **ETTA FANNING** further complains that three (3) yard signs that she had placed were taken down by the City of Shavano Park (one of which was replaced) pursuant to City of Shavano Park Ordinance Sec. 24-6 (3) and (5). However, Plaintiff's placing of the signs was on the easement of the HOA Association. (*See Exhibit B – Deposition of City Manager Bill Hill pp. 19-22*).

### IV.
### UNDISPUTED FACTS

Defendant **CITY OF SHAVANO PARK** asserts unto the Court the following facts are undisputed:

(1)  Plaintiff Etta Fanning placed banner signs on Homeowner's Association property and not on her own private property or any individual residential property. (*See Exhibit A – Deposition of Etta Fanning, p. 11*). Plaintiff Fanning placed three yard signs concerning the Rain Check Fourth of July Party. One of the three signs were placed at Ernest Barbario's residence wherein he did not give permission. (*See Exhibit B – Deposition of City Manager Bill Hill p. 18*). The two remaining signs were placed on HOA Property. (*See Exhibit B – Deposition of City Manager Bill Hill, pp. 19-22*). The City of Shavano Park allows each residence to have two signs within the framework of four square feet within ten feet of the front door regardless of content. (*See Exhibit B – Deposition of City Manager Bill Hill, pp. 13-15; Exhibit C – City of Shavano Park Ordinance 24-6 and 24-6(3)*)

## V.
## STANDING UNDER ARTICLE III

Defendant **CITY OF SHAVANO PARK** moves the Court to dismiss Plaintiff **ETTA FANNING**'s complaint based on her failure to meet the standing requirement. To meet the Article III standing requirement, Plaintiff must show:

(1) an injury in fact that is concrete and particularized and actual or imminent;

(2) a casual connection between the injury and the conduct complained of; and,

(3) the likelihood that a favorable decision will redress the injury.

*Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Defendant **CITY OF SHAVANO PARK** asserts that Plaintiff **ETTA FANNING** has failed to meet all three prongs of the Article III standing requirement. Plaintiff **FANNING**'s complaint regarding Banner Signs concerns the placing of banner signs on Homeowners Association property. (*See Exhibit A – Deposition of Etta Fanning, p. 12*) Plaintiff Fanning did not have the permission of the Homeowners Association as evidenced by the phone message left by HOA President Adam Holzhouer to City Manager Hill concerning Fanning not having permission to place the banners on HOA Property. (*See Exhibit A – Deposition of Etta Fanning, Ex. 4*).

Plaintiff Fanning's remaining complaint concerns three yard signs that were taken by the City of Shavano Park that were placed on HOA Property. (*See Exhibit B – Deposition of City Manager Bill Hill, pp. 18-22*). Defendant City of Shavano Park asserts that prongs 1, 2 and 3 have not been met by Plaintiff Fanning concerning standing, since the banners and signs were not placed on her property, but rather on HOA Property of which she has a tenancy in common and did not have permission.

## VI.

Defendant **CITY OF SHAVANO PARK** would show unto the Court that as a Type A general municipality, it has power to enact sign ordinances. *See **Town of Lakewood Village v. Bizios***, 493 S.W.3d 527, 531 (Fn. 3) (2016); ***The Honorable Florence Shapiro***, Tx. Atty. Gen. Op. GA/0192 (2004).

## VII.
## FIRST AMENDMENT

Defendant **CITY OF SHAVANO PARK** asserts that ***Reed v. Town of Gilbert, AZ***, ___ U.S. ___ 135 S.Ct. 2218 (2015) is controlling in the case at bar. Defendant asserts that its Banner Sign Ordinance Sec. 24-7 and its Sign Ordinance under 24-6 (3) is not content based and therefore not subject to strict scrutiny.

Sec. 24-7 – Banner Signs (*See, Exhibit C* ) is a time, place and manner restriction on the use of banner signs in the City of Shavano Park. There is no restriction and/or even mention of content concerning the Banner Signs, only time, place and manner restrictions.

Defendant **CITY OF SHAVANO PARK** asserts that ***Palmer v. City of Missoula MT***, 2017 W.L. 1277460 (D. MT, Apr. 4, 2017)(not published) is instructive to the case at bar. In ***Palmer***, the City of Misoula passed an ordinance prohibiting banners, flags, pennants, streamers, spinners or other types of wind signs. Plaintiff ***Palmer*** brought a First Amendment challenge that the ordinance was content based and not content neutral. The Court evaluated the case under ***Reed v. Town of Gilbert***, *AZ* ___ U.S. ___ 135 S.Ct. 2218 (2015) and ***Metro Media Inc. v. City of San Diego***, 453 U.S. 490 (1981). Ultimately, the Court held that the ordinance banning banners, flags, etc. was content neutral and

furthered the governmental interests of the City of Misoula. The trial court granted the City of Misoula's summary judgment.

Plaintiff's Second Count of her Complaint concerns Ordinance Sec. 24-6 (5) concerning the restriction of no sign being erected for more than sixty (60) days prior to the start of the voting period.  However, Sec. 24-6 (3) allows each resident to erect two signs that do not exceed four square feet that are placed within ten feet of the primary residence and not illuminated or back-lit.  These signs may be erected all year.  (*See Exhibit B – Deposition of City Manager Bill Hill, pp. 14-15*).

In evaluating a sign ordinance under ***Reed v. Town of Gilbert***, *AZ* ___ U.S. ___ 135 S.Ct. 2218 (2015), the Court must first consider whether the law is content neutral on its face. Defendant City of Shavano Park asserts that its Ordinance Sec. 24-6 (*Exhibit C*) is content neutral on its face and furthers the governmental interest of the City of Shavano Park.  *See,* ***Reagan National Advertising of Austin, Inc. v. City of Austin***, 377 F.Supp.3d 670, 681 (W.D. Tex. 2019).

Defendant **CITY OF SHAVANO PARK** asserts that the ordinances made the basis of Plaintiff's Complaint, the banner ordinance and the sign ordinance under Sec. 24-6 are content neutral and constitutionally limit time, place and manner in accordance with the First Amendment, as a matter of law.  ***Reed v. Town of Gilbert***, *AZ* ___ U.S. ___ 135 S.Ct. 2218, 2230 (2015); ***Reagan National Advertising of Austin, Inc. v. City of Austin***, 377 F.Supp.3d 670, 683 (W.D. Tex. 2019).

**WHEREFORE, PREMISES CONSIDERED** Defendants **CITY OF SHAVANO PARK**, prays that it motion for summary judgment be in all things granted.  That the Plaintiff's lawsuit be dismissed against it and for such other and further relief as it may show itself justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csfrigeriolaw@sbcglobal.net
frigeriolaw1995@sbcglobal.net

BY:   /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO
        SBN:  07477500

        HECTOR X. SAENZ
        SBN:  17514850
ATTORNEYS FOR DEFENDANT
**CITY OF SHAVANO PARK**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2019, I electronically filed the foregoing Defendant City of Shavano Park's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system and will send notification of such filing via Electronic Mail to:

Mr. Jerad Wayne Najvar
Najvar Law Firm PLLC
2180 North Loop West, Suite 255
Houston, Texas 77018                    Via Email: jerad@najvarlaw.com


        /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO