IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ETTA FANNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 5:18-cv-0803-XR |
| | § | |
| CITY OF SHAVANO PARK, TEXAS, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## DEFENDANT CITY OF SHAVANO PARK'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now comes **CITY OF SHAVANO PARK**, Defendant in the above styled and numbered cause and pursuant to Rule 33 of the Federal Rules of Civil Procedure, files the attached as its Answers to Plaintiff's First Set of Interrogatories propounded by Plaintiff Etta Fanning.

        Respectfully submitted,
        LAW OFFICES OF CHARLES S. FRIGERIO
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 840
        San Antonio, Texas 78205
        (210) 271-7877
        (210) 271-0602 Telefax
        Email: frigeriolaw1995@sbcglobal.net

BY:   /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO
        SBN: 07477500
        **LEAD COUNSEL IN CHARGE**

        HECTOR X. SAENZ
        SBN: 17514850
        SD. Fed I.D. 19388
        **CITY OF SHAVANO PARK**

Exhibit 7

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above and foregoing Defendant City of Shavano Park's Answers to Plaintiff's First Set of Interrogatories has been forwarded on this the 19th day of August, 2019 via the CM/ECF system to the following:

Mr. Jerad Wayne Najvar  
Najvar Law Firm PLLC  
2180 North Loop West, Suite 255  
Houston, Texas 77018                 Via Email: jerad@najvarlaw.com

                 //s// Charles S. Frigerio  
                 CHARLES S. FRIGERIO

Etta Fanning v. City of Shavano Park        Civil Action No. 5:18-0803-XR  
Defendant's Answers to Plaintiff's Interrogatories        Page 2

Exhibit 7

# DEFENDANT CITY OF SHAVANO PARK'S ANSWERS TO PLAINTIFF FANNING'S FIRST SET OF INTERROGATORIES

Counsel advises me to answer as follows:

INTERROGATORY NO. 1: Identify all persons, not already disclosed in your Initial Disclosures, who you believe have knowledge of relevant facts and identify the subject matter of such knowledge.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 1: Please see First Supplemental Initial Disclosures of Defendant City of Shavano Park and Defendant City of Shavano Park's First Supplemental Designation of Witnesses Experts and Exhibits.**

INTERROGATORY NO. 2: If the defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 2: Defendant is properly named. It is my understanding that amended pleadings are governed by the court.**

INTERROGATORY NO. 3: If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 3: It is my understanding that Plaintiff Etta Fanning failed to comply with the City of Shavano Park Sign Ordinance and no legal entity is liable for her actions.**

INTERROGATORY NO. 4: Identify the governmental purpose or purposes you contend are furthered by the Sign Code, and the principal facts and evidence upon which this contention is based. Please specifically address the purpose or purposes you contend are furthered by the Sign Code provisions regarding "banner signs" and "voting period" signs.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 4: Please see the previously produced (Shavano Park Bates 6-26) Shavano Park Sign Ordinance 0-2016-010 which was passed and approved October 24, 2016 pursuant to City authority, Texas Local Government Code, Chapter 211 (Municipal Zoning Authority) and Chapter 216, (Regulation of signs by municipalities) and includes the governmental purposes and substantial interest furthered by the ordinance.**

INTERROGATORY NO. 5: Please explain what facts and legal basis you rely on in support of your defense that the Plaintiff's Original Complaint fails to state a cause of action against the Defendant.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 5: OBJECTION: Interrogatory seeks the mental impressions, conclusions, opinions, legal theories of an**

Etta Fanning v. City of Shavano Park　　　　　　　　　　　　　　　　Civil Action No. 5:18-0803-XR
Defendant's Answers to Plaintiff's Interrogatories　　　　　　　　　　　　　　　　　　Page 3

Exhibit 7

attorney or other representative of a party concerning the litigation. Without waiving objection, it is my understanding that Plaintiff Etta Fanning failed to comply with the Shavano Park Sign Ordinance when she posted the 4th of July Banners and signs on July 2, 2018 and July 26, 2018. It is defendant's contention that Plaintiff Etta Fanning violated a validly passed sign ordinance and denies that the Shavano Park Sign Ordinance was unconstitutional. For the details regarding Plaintiff's sign ordinance violations, see my attached timeline memo and see the previously produced statement of facts by Officer Kerr (Shavano Park Bates 1-2) and Chief Lacy's report (Shavano Park Bates 4-5).

INTERROGATORY NO. 6: Please explain what facts and legal basis you rely on in support of your defense that Plaintiff does not have a cause of action under 42 U.S.C. § 1983.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 6**: **OBJECTION**: **Interrogatory seeks the mental impressions, conclusions, opinions, legal theories of an attorney or other representative of a party concerning the litigation. Without waiving objection, it is my understanding that Plaintiff Etta Fanning failed to comply with the Shavano Park Sign Ordinance when she posted the 4th of July Banners and signs on July 2, 2018 and July 26, 2018. It is defendant's contention that Plaintiff Etta Fanning violated a validly passed sign ordinance and denies that the Shavano Park Sign Ordinance was unconstitutional. For the details regarding Plaintiff's sign ordinance violations, see my attached timeline memo and see the previously produced statement of facts by Officer Kerr (Shavano Park Bates 1-2) and Chief Lacy's report (Shavano Park Bates 4-5).**

INTERROGATORY NO. 7: Please explain what facts and legal basis you rely on in support of your defense that its Sign Code is constitutional.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 7**: **OBJECTION**: **Interrogatory seeks the mental impressions, conclusions, opinions, legal theories of an attorney or other representative of a party concerning the litigation. Without waiving objection, it is my understanding that Plaintiff Etta Fanning failed to comply with the Shavano Park Sign Ordinance when she posted the 4th of July Banners and signs on July 2, 2018 and July 26, 2018. It is defendant's contention that Plaintiff Etta Fanning violated a validly passed sign ordinance and denies that the Shavano Park Sign Ordinance was unconstitutional. For the details regarding Plaintiff's sign ordinance violations, see my attached timeline memo and see the previously produced statement of facts by Officer Kerr (Shavano Park Bates 1-2) and Chief Lacy's report (Shavano Park Bates 4-5). Please see the previously produced (Shavano Park Bates 6-26) Shavano Park Sign Ordinance 0-2016-010 which was passed and approved October 24, 2016 pursuant to City authority, Texas Local Government Code, Chapter 211 (Municipal Zoning Authority) and Chapter 216, (Regulation of signs by municipalities) and includes the governmental purposes and substantial interest furthered by the ordinance.**

INTERROGATORY NO. 8: Please explain what facts and legal basis you rely on in support of your contention that any of the signs referenced in Plaintiff's Original Complaint were placed on HOA property.

Etta Fanning v. City of Shavano Park                                        Civil Action No. 5:18-0803-XR
Defendant's Answers to Plaintiff's Interrogatories                                                Page 4

Exhibit 7

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 8:** It is my understanding that Plaintiff Etta Fanning has hosted the 4th of July block party at the home of her sister Nancy Ogden at 130 Calais Way located in the Bentley Manor Subdivision subject to Homeowner's Association rules. On July 2, 2018, I had a conversation with Nancy Ogden regarding the placement of the 4th of July Banners and Signs on Homeowner's Association property without Homeowner's Association authorization according to Homeowner's Association President Adam Holzhauer. In spite of my conversation with Nancy Ogden and HOA President Holzhauer's statements to me that he had specifically warned Nancy Ogden and Etta Fanning to stop placing 4th of July signs and banners on HOA property without permission, they did so again on July 26, 2018.

The location of two of the banners removed on July 26, 2018 from the Bentley Manor north entrance are on Bentley Manor HOA property. This fact is known through the BCAD property information. One sign that was on the Bentley Manor right of way within a residential property was removed on July 26, 2018 and the sign was replaced on July 27, 2019. I personally took a picture after I personally replaced the sign on July 27, 2018. Banners were removed on July 26, 2018 from the Bentley Manor HOA property adjacent to the south entrance. This property is on HOA property and this information can be found through BCAD.

INTERROGATORY NO. 9: Identify all instances in which the City has enforced the Sign Code since its amendment in October 2016 via Ordinance No. 0-2016-010. For each instance identified, provide the following information:
    a.    Address or other location descriptor of the sign(s) in question;
    b.    The type of sign(s) involved;
    c.    Name of complainant (if any);
    d.    Action taken, and by whom;
    e.    Resolution or disposition of the issue;
    f.    Relevant dates for all of the above;
    g.    To the extent that the requested information is reflected in documents responsive to a Request for Production, you may identify the documents in which the information may be found. If the information is reflected in documents that are not responsive to a Request for Production, identify the documents.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 9:** See attached copies of emails regarding sign ordinance/code enforcement since its October 24, 2016 amendment for the information requested.

INTERROGATORY NO. 10: Identify all instances in which the City has received a complaint about a potential violation of the Sign Code, not already identified in response to Interrogatory No. 9; that is, complaints after which the City took no enforcement action. This interrogatory is limited to the period since the adoption of Ordinance No. 0-2016-010.

**CITY OF SHAVANO PARK'S ANSWER TO INTERROGATORY NO. 10:** I am not aware of any such incident.

Etta Fanning v. City of Shavano Park      Civil Action No. 5:18-0803-XR
Defendant's Answers to Plaintiff's Interrogatories      Page 5

Exhibit 7

# AFFIDAVIT

STATE OF TEXAS      *

                            *

COUNTY OF BEXAR    *

      **BEFORE ME,** the undersigned authority, on this day personally appeared **BILL HILL**, who, being by me duly sworn, on her oath deposed and said that he is duly qualified in all respects to make this Affidavit; that he has read the foregoing Answers to Interrogatories, and that every statement contained therein is true to the best of his knowledge.

_____
**BILL HILL**

      **SWORN TO AND SUBSCRIBED BEFORE ME** by the said **BILL HILL**, do hereby certify which witness my hand and seal of office on this, the 16th day of August, 2019.

ZINA E. TEDFORD
Notary Public, State of Texas
Comm. Expires 09-07-2020
Notary ID 2226166

_____
Notary Public in and for the State of Texas
My Commission Expires: 9-7-2020

Exhibit 7