# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 20, 2021
Lyle W. Cayce
Clerk

No. 20-50440

ETTA FANNING,

*Plaintiff—Appellant,*

versus

CITY OF SHAVANO PARK, TEXAS,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-803

---

Before CLEMENT, HAYNES, and WILSON, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

No. 20-50440

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

Certified as a true copy and issued
as the mandate on Aug 11, 2021

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

FILED
AUG 11 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 20, 2021
Lyle W. Cayce
Clerk

No. 20-50440

---

Etta Fanning,

                 *Plaintiff—Appellant,*

*versus*

City of Shavano Park, Texas,

                 *Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-803

---

Before Clement, Haynes, and Wilson, *Circuit Judges.*
Per Curiam:*

  Etta Fanning sued the City of Shavano Park for violating her First and Fourteenth Amendment rights via the City's restrictions on yard signs and banners in Chapter 24 of the City's Code of Ordinances ("Original Sign Code"). The Original Sign Code restricted the use of yard signs to one sign per yard and the use of banners to one week of the year (the same week as the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50440

"National Night Out" event), among other restrictions. The district court concluded that Fanning lacked standing on the one-sign issue but that she did have standing on the banner challenge. As to that challenge, it concluded that the Original Sign Code's restrictions met the strict scrutiny requirements, determining that the limits were narrowly tailored and that the City had a compelling interest in aesthetics. It thus granted summary judgment to the City. After the district court's ruling, the City amended the relevant ordinance, banning all banners (but allowing flags). As those amendments followed its summary judgment order, the district court did not have the opportunity to address them.

In addition to this key event (which, of course, does not alter the past but could alter prospective relief), a critical case from this court was decided while the appeal in this case was pending: *Reagan National Advertising of Austin, Inc. v. City of Austin*, 972 F.3d 696 (5th Cir. 2020), *cert. granted*, No. 20-1029, 2021 WL 2637836 (U.S. June 28, 2021). The district court did not have the benefit of considering *Reagan*, which addresses a number of points relevant to this case. While, of course, we have the ability to apply subsequent precedent to cases before us, this case is one where our general conclusion that we are a "court of review, not of first view," applies. *Compare Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 649–50 (5th Cir. 1978) (noting that, when material changes of fact or law have occurred during the pendency of an appeal, it is our "preferred procedure" to remand and "give the district court an opportunity to pass on the changed circumstances" (quotations omitted)), *with Montano v. Texas*, 867 F.3d 540, 546–47 (5th Cir. 2017) (noting that we are a "court of review, not of first view" and remanding a matter not addressed by the district court for examination in the first instance (quotation omitted)). Accordingly, having fully considered the briefing and arguments of counsel as well as the pertinent

No. 20-50440

portions of the record, we VACATE the decision of the district court and REMAND for reconsideration in the first instance in light of *Reagan*.[1]

---

[1] Given that the Supreme Court has now granted certiorari in *Reagan*, it would be acceptable if the district court concludes that it should stay the proceedings on remand until such time as the Court issues its opinion.