**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ETTA FANNING,
        *Plaintiff*

-vs-                                                            SA-18-CV-00803-XR

CITY OF SHAVANO PARK, TEXAS,
        *Defendant*

**ORDER**

On this date, the Court considered the status of this case.

Etta Fanning sued the City of Shavano Park, asserting that the City's restrictions on yard signs and banners in Chapter 24 of the City's Code of Ordinances ("Original Sign Code") violated her First and Fourteenth Amendment rights. The Original Sign Code restricted the use of yard signs to one sign per yard and the use of banners to one week of the year (the same week as the "National Night Out" event), among other restrictions. This Court concluded that Fanning lacked standing on the one-sign issue but that she did have standing on the banner challenge. As to that challenge, the Court ruled that the Original Sign Code's restrictions satisfied the requirements of strict scrutiny based on the City's compelling interest in aesthetics. Accordingly, the Court concluded that the City was entitled to summary judgment.

On appeal, the Fifth Circuit vacated the Court's decision and remanded for reconsideration in light of two key events. *See* ECF No. 55. First, the City amended the relevant ordinance, banning all banners (but allowing flags). As those amendments followed the Court's summary judgment order, the Court did not have the opportunity to address them. Second, a critical case from the Fifth Circuit was decided while the appeal in this case was pending: *Reagan National Advertising of Austin, Inc. v. City of Austin*, 972 F.3d 696 (5th Cir. 2020), *cert.*

*granted*, No. 20-1029, 2021 WL 2637836 (U.S. June 28, 2021). Thus, at the time the summary judgment order was issued, the Court did not have the benefit of considering *Reagan*, which addresses a number of points relevant to this case.

Although the case has been remanded for reconsideration, the Fifth Circuit noted that the Supreme Court recently granted certiorari in *Reagan* and counseled that "it would be acceptable if the district court concludes that it should stay the proceedings on remand until such time as the Court issues its opinion." ECF No. 55 at 5. Accordingly, the Court finds that, in the interest of judicial economy, reconsideration of this case should be postponed until the Supreme Court issues a decision in *Reagan*. Given these circumstances, the Court concludes that this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay.").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case during the pendency of this stay. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. Further, the parties may continue to file motions and other documents in the case.

It is so **ORDERED**.

**SIGNED** this 14th day of August, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE